*EDGAR vs. SIMONS & AL.*

APPEAL FROM MHE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

When a firm contracts with certain individuals for a letter of credit, upon which it receives advances of 4200 dollars, and agrees at the same time to put notes and accounts into the hands of these individuals to indemnify them against loss—they will hold the notes &c. thus pledged, against other creditors, although the *firm* is in failing circumstances, and the notes, &c. are not conveyed to the pledgees by authentic act, &c.

The plaintiff, William Edgar, instituted suit against William and John Simons on a bill of exchange for $922, dated, Opelousas, January 11th., 1827—drawn by William Simons & Co. (the style of the firm at Opelousas) on John Simons & Co. in New-Orleans.—Both firms embracing the same persons, viz : Wm. & John Simons. The bill was payable in November, 1827, and February 1828.

On the 15th. of April, 1828, Wm. & John Simons being desirous of extending their business, applied to Geo. King, Wm. G. Knox, R. Rogers, and Joseph Andrews, and obtained a letter of credit from them to a mercantile house in New-Orleans, for $5000.

The same day Wm. Simons executed the following obligation in consideration of the letter of credit :—

"Whereas Messrs. Joseph Andrew, William G. Knox, Robert Rogers and Geo. King have this day given me a letter of credit on New-Orleans for the sum of *five thousand dollars* : now to secure the payment of the same to the above named persons, in case of their being obliged to make any advance in consequence of said letter of credit, I do hereby engage and bind myself to deposit in their

hánds, or in the hands of such person as may be named by them, *good notes* and accounts assigned to them as a pledge for the above amount of five thousand dollars."

(Signed)                    "WILLIAM SIMONS."

The Messrs. Simons took up goods and merchandise to the amount of about $4200 on the foregoing letter. And in pursuance of the above stipulation, notes and accounts to the amount of three or four thousand dollars were deposited, first in the hands of James Say, about the month of September and December, 1828, allowing to the Simons' the privilege of taking out particular notes and replacing them with others.

About this time, the Simons sold to John Rutherford all their stock of cattle and caused the said Rutherford to transfer to Joseph Andrews who was a *creditor*, a note of S. W. Wikoff for $1287, and one on Wm. Wikoff for $730 which notes were paid to the holder, Joseph Andrus, in May, 1829.

King, Andrews, Rogers and Knox were all made defendants to this suit with the Simons, and judgment prayed in *solido* against the Simons as the drawers of the bill of exchange sued on : and the transfer of the notes to the defendants, King, Andrews, Rogers & Knox, required to be declared *null* and *void* on account of *fraud*, and the proceeds applied to the payment of the plaintiff's demand—the Simons' being now insolvent.

King and his co-defendants denied *all fraud*—declared that they knew nothing of the *anticipated* or *real insolvency* of W. and J. Simons admitted the deposit of the notes and accounts in the hands of James Ray for their benefit, and that they were deposited in pursuance of the written obligation of Wm. Simons to indemnify them against any advances they might have to make on account of the letter of credit they gave to Simons. They state " this letter of credit had been delivered to Thomson & Grant of New-Or-

leans, who on its *faith entered into acceptances for* $ 4000." They admitted that Simon had occasionally taken out some of the notes and accounts, deposited in the hands of Ray, but had put in others of equal value. That about the last of April 1829 they had a final settlement with Thomson & Grant gave their own notes in payment of Simons' debt.

The notes and accounts were then taken from Ray and put into other hands for collection, to meet the notes of these defendants given in payment to Thomson and Grant.

It was in proof that in the Spring of 1829, Wm. Simons ceased to do business and spoke of going to New-Orleans to effect a compromise with his creditors : and at the May term 1829 several judgments were obtained against him in the District Court for the Parish of St. Landry, which remain unpaid ; that they were unable to meet their engagements after the beginning of the year 1829.

In November 1829 they made a surrender of their property and applied for the benefit of the insolvent law.

On this state of facts generally the parties went to trial. There was judgment in favor of the defendants King, Andrews, Rogers and Knox—the Court being of opinion the plaintiff *failed to establish the allegations* (of fraud) in the petition.

*Gayoso* and *Thompson* for plaintiff—argued :

1 That the property of the debtor is the common pledge of his creditors.—La. Code. Art. 3150.

2. The law gives to every creditor a right of action to annul all contracts made to his prejudice.—La. Code, Art. 1965.

3. The act in virtue of which the defendants pretend to hold the notes and accounts transfered to them by Simons, can give them no privilege against those persons, *first*, because it is neither an authentic act, or act *under private signature recorded* in a notary's office at a time not suspicious.—La. Code. Art. 3126. 3 Mar. 572 5 Mar. N.S. 613 618.

EDGAR
*vs.*
SIMONS & AL.

4. Because it contains no specific description of the things intended to be pledged. ib.

5. Altho' it purports to be a pledge of notes, they were not endorsed or assigned over as required by law.—La. Code, Art. 3128.

6 Because they did not *remain* in the possession of the pledgee, or of a person agreed on by the parties as required by law to confer a privilege. La. Code. Art 3129.

If it was intended as a pledge of notes or accounts, the notes and accounts still belong to the pledger, and should be returned to the mass, for pledge does not amount to alienation.—Art. 3133. 9 Mar. 524.

*Lewis* and *Bowen* for defendants. In arguing on the facts of this case made the following points—viz.

1. The contract between the two Simons and the defendants, King and others, was a fair and valid transaction, made at a time not suspicious.

2. That the parties to this contract or transaction were able and capable of contracting, and did contract.

3. There is no fraud in the contract between the parties, and consequently the Court cannot interfere with the just rights acquired by such a contract.

*Martin* J. delivered the opinion of the Court.

This is an action on a bill of exchange, in which King and others are made parties, as holders of certain notes and accounts alleged to have been fraudulently transferred to them by the original defendants since their insolvency.

King and his co-defendants admitted the notes and accounts had been transferred to them, but averred the transfer was a fair and legal one, in consequence of their having given the original defendants a letter of credit on which they became liable to pay and accordingly paid a large sum of money.

There was judgment against the plaintiff, and he appealed.

This action is brought against the original debtor and the individuals with whom he contracted, to set aside a contract of pledge on the score of fraud.—La. Code 1965.

The original debtor has, since the inception, made a cession of his goods, and the suit as to him has been cumulated with the proceedings in the *Concurso.*

The District judge has been of opinion the plaintiff has failed to establish the fraud ; and we do not see a *scintilla* of it in the evidence.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both Courts.

*Western District.*
*September*, 1830.

EDGAR
*vs.*
SIMONS & AL.

Where a firm contracts with certain individuals for a letter of credit, upon which it receives advances of 4200 dollars, and agrees at the same time to deposit notes and accounts into the hands of these individuals to indemnify them against loss—they will hold the notes &c. thus pledged, against other creditors, altho' the *firm* is in failing circumstances, and the notes, &c. pledged are not conveyed to the pledgees by authentic act, &c.